## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PETERS, | Case No.: 1:25-cv-00497-SKO (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S APPLICATION FOR ORDER TO SHOW CAUSE |
| v. | |
| MINGA WOFFORD, Facility Administrator, | (Doc. 4) |
| Respondent. | |

Petitioner is a federal prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 29, 2025, Petitioner filed the instant petition. (Doc. 1.) The Court has conducted a preliminary review of the petition, and by separate order, issued a briefing order. On May 2, 2025, Petitioner filed an application for order to show cause. (Doc. 4.)

**DISCUSSION**

Petitioner requests that Respondent be ordered to show cause within fourteen (14) days pursuant to 28 U.S.C. § 2243. Petitioner references the initial three-day period and twenty-day maximum amount of time for filing a response set forth in § 2243. Rule 4 of the Rules Governing Section 2254 Cases instead provides, however, that the district court shall order a response "within a fixed time." The § 2254 rules specifically state that they may be applied by the district court to other habeas petitions. See Rule 1(b) of the Rules Governing § 2254 Cases.

It is long-established law that Habeas Rule 4 supersedes and overrides the prior enactment in § 2243 with regard to the time allowed for a response in § 2254 and § 2241 habeas proceedings. See, e.g., Clutchette v. Rushen, 770 F.2d 1469, 1474–75 (9th Cir.1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243 and Fed.R.Civ.P. 81(a)(2)); Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985) (district court extended Clutchette to § 2241 cases, finding that Rule 4 of the 2254 Rules allows district courts to disregard, in their discretion, the twenty-day time limit in Rule 81(a)(2), as well as the forty-day time limit); Bramson v. Winn, 136 F. App'x 380, 382 (1st Cir. 2005) (finding district court had the discretion to set a deadline beyond twenty days as provided in § 2243); Palomar v. Sessions, 2018 WL 903555, at *6 (E.D. Cal. 2018) (finding a deadline of sixty days to file a response appropriate in immigration detention case); Castillo v. Pratt, 162 F. Supp. 2d 575, 577-78 (N.D. Tex. 2001) (denying a motion for an expedited hearing under 28 U.S.C. § 2243 because Rule 8 of the Rules Governing Section 2254 Procedures supersedes the statute's requirements); Romero v. Cole, 2016 WL 2893709, at *2 (W.D. La. 2018) ("[I]t is well settled that that the strict limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases."). One court bluntly acknowledged that "[o]beying the explicit directives of Section 2243 is not possible." In re Habeas Corpus Cases, 216 F.R.D. 52, 54 (E.D.N.Y. 2001).

In this district, the Court has determined that sixty (60) days generally is a fair amount of time to require a response in habeas cases. In this case as with other immigration cases, the Court has shortened that amount of time to forty-five (45) days.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's application for order to show cause within fourteen (14) days is DENIED.

IT IS SO ORDERED.

Dated:  **May 6, 2025**                    /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE